JOHN A. MARSHALL *vs.* COLUMBIA MANUFACTURING COMPANY
& trustee.

Suffolk.    March 9, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach. *Practice, Civil,* Premature action, Exceptions. *Time.*

Where, at the trial of an action against a manufacturer for the alleged breach of a contract to employ the plaintiff for a year, the plaintiff's testimony tends to show that he was discharged unjustifiably within a few days after his employment began and that he brought the action afterwards on the day of his alleged discharge, and the only question is whether the action was brought before the contract was broken, the defendant is not entitled to a ruling that there was no breach of the contract at the time the action was brought.

CONTRACT for the alleged breach of an agreement to employ the plaintiff for a year from October 1, 1912. Writ dated October 7, 1912.

In the Superior Court the action was tried before *Fessenden,* J., together with an action against Edward A. Rollins, who was the defendant's treasurer, begun on the same day and charging substantially a breach of the same contract. The plaintiff was the only witness.

As to his discharge and the bringing of this action and the action against the defendant's treasurer, the plaintiff testified that he went to work under his contract on Monday morning, October 7, 1912; that some time during the forenoon he was called into the office by the defendant's treasurer, who was the man in charge of the business, and was told that the treasurer had been misled and

that the plaintiff had better look for another job; that the plaintiff told him he did not understand how that was; that the treasurer said he had been misled, that was all, and that the plaintiff would have to look for another job; that after the conversation he worked until twelve o'clock; that he returned again to work at half past one and continued to work until six o'clock on that day; that after he was discharged he went to see his attorney at his office with reference to the matter, the evening of the same day on which he was discharged; that it was the first time that he saw him with reference to it; that the attorney drew up the writs in his office that evening; that the plaintiff then gave his attorney the facts as to where the people were; that he was not out of the premises for an hour and a half Monday, October 7, consulting counsel. Upon his attention being called to the return of the officer on the writ in which Edward A. Rollins was defendant, to the effect that service was made upon a trustee named therein at ten minutes after three o'clock in the afternoon of October 7, he said that he did not know anything about what the officer made out; that he did not know how the writs were made out; that he told his attorney, for whom he was working, that he was working for the Columbia Manufacturing Company, and Mr. Rollins was the treasurer; that it was not possible that he went back the second time to his attorney that night.

The bill of exceptions contained the following statement:

"The defendant claimed that as a matter of law there had been no breach of any contract on its part at the time the action against it was brought, and requested the court to rule that the plaintiff could not maintain his action against the defendant because the action was prematurely brought. The court refused so to rule, and the defendant duly excepted.

"This case was submitted to the jury under proper instructions. So far as these exceptions are concerned, the court left it for the jury to determine whether as a matter of fact the writ in this case was made before or after the plaintiff was discharged, if they found he was discharged; and instructed them that if the writ was made before he was discharged and demand made, they should return a verdict for the defendant; if it was brought after he was discharged and after demand, they should return a verdict for the plaintiff if he had proved the other parts of his case."

The jury found for the plaintiff in the sum of $233.38; and the defendant alleged exceptions.

*T. R. Bateman,* for the defendant.

*E. Carr,* for the plaintiff.

CARROLL, J. The plaintiff and the defendant entered into a contract by which the plaintiff was to work for it for a year beginning October 1, 1912, as a leather worker. The only evidence in the case came from the plaintiff. He testified that on the seventh day of October, 1912, he was discharged and on that same night he went to the office of his attorney who then sued out the writ which was dated October 7, 1912, and according to the officer's return, was served the following day on the trustee, and on October 10, 1912, was served on the defendant. The single question is whether the writ was brought before there was a breach of the contract.

The evidence was before the jury under proper instructions, and they decided that the writ was not brought until after the contract was broken, as they had a right to do.

*Exceptions overruled.*